# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1711V
UNPUBLISHED

| | |
|---|---|
| CHRISTOPHER HUDSON,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: August 8, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Alison H. Haskins*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 17, 2021, Christopher Hudson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, which also was causally related to the influenza vaccine he received on September 2, 2020. Petition at 1, ¶¶ 1, 11, 19, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 5, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On August 8, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $156,805.19, representing compensation in the amounts of $155,000.00 for his actual and projected

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pain and suffering[3] and $1,805.19 for his past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $156,805.19, representing compensation in the amounts of $155,000.00 for his actual and projected pain and suffering and $1,805.19 for his actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Any portion allocated for Petitioner's future pain and suffering has been reduced to the net present value as required under the Vaccine Act. Proffer at 1; *see* Section 15(f)(4)(A).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRISTOPHER HUDSON, | |
| Petitioner, | No. 21-1711V (ECF) |
| v. | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | SPU |
| Respondent. | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 17, 2021, Christopher Hudson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on September 2, 2020.  On July 5, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that petitioner's GBS case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

**I.** **Items of Compensation**

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $155,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents petitioner's expenditure of past unreimbursable expenses as a result of his vaccine injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,805.19, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $156,805.19, representing compensation for pain and suffering ($155,000.00), and past unreimbursable expenses ($1,805.19), in the form of a check payable to petitioner, Christopher Hudson.

III.   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Christopher Hudson:        **$156,805.19**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102

Dated:       August 8, 2022